IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| AMY C. PIGOTT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:11-cv-764 |
| | ) | |
| v. | ) | Judge Aspen |
| | ) | Magistrate Judge Griffin |
| BATTLE GROUND ACADEMY and | ) | |
| JOHN W. GRIFFITH, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

## MOTION IN LIMINE TO PRECLUDE LEADING QUESTIONS BY DEFENDANTS OF THEIR WITNESSES CALLED BY PLAINTIFF AND TO PERMIT PLAINTIFF TO LEAD DEFENDANTS' WITNESSES

Plaintiff Amy C. Pigott respectfully moves the Court for an order prohibiting counsel for Defendants Battle Ground Academy (BGA) and John W. Griffith from using leading questions when examining Defendants' own employees, agents and representatives who are called to testify by Ms. Pigott, including Defendant Griffith, BGA Upper School Principal Larry McElroy, and BGA Upper School Director of Studies Stan Rupley. Additionally, Ms. Pigott requests that the Court permit her to lead Defendants' agents and employees who are adverse to her position in this case, including Messrs. Griffith, McElroy, and Rupley.

Rule 611 of the Federal Rules of Evidence provides in part that "[t]he court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth . . . ." Fed. R. Evid. 611(a). Rule 611(c) states in part, "Ordinarily,' the court should allow leading questions: (1) on cross-examination; and (2) when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." Fed. R. Evid. 611(c).

The Advisory Committee's "Note to Subdivision (c)" of the rule, however, demonstrates that the Court may prohibit the use of leading questions on cross-examination when the cross-examination is "in form only." The note states, "The purpose of the qualification 'ordinarily' is to furnish a basis for denying the use of leading questions when the cross-examination is cross-examination in form only and not in fact, as for example the 'cross-examination' of a party by his own counsel after being called by the opponent . . . ." Fed. R. Evid. 611(c), Adv. Comm. Note.

Ms. Pigott will call some of Defendants' representatives and witnesses closely identified with Defendants as witnesses in her case, including Messrs. Griffith, McElroy, and Rupley. These witnesses are "hostile" or adverse to Ms. Pigott's position and are "an adverse party" or are "identified with an adverse party." Therefore, Defendants' counsel should not be permitted to use leading questions in "cross" examining these witnesses called by Ms. Pigott because of the likelihood of the witnesses to yield to suggestions in leading questions. *See McCormick on Evidence*, Vol. 1 at § 20 n. 2, §25 n. 9 (5th ed. 1999). These witnesses are representatives of Defendants for purposes of this case, are adverse to Ms. Pigott's position, are closely identified with Defendants, and share the same interests as Defendants. Accordingly, any cross-examination of them by Defendants' counsel would be "in form only" and should be prohibited.

Given the importance of credibility in this case, the most effective method for "determining the truth" as stated in Rule 611(a) is to require Defendants' counsel to use non-leading questions when cross-examining Defendants' own witnesses who are "hostile" or adverse to Ms. Pigott's position and who are called by Ms. Pigott to testify. The jury should hear and evaluate the testimony of these witnesses without their being led through that testimony and having answers to questions suggested to them by defense counsel through leading questions.

Further, Ms. Pigott should be permitted to lead these witnesses when she calls them in her case-in-chief because they are "hostile witness[es], an adverse party, [and] witness[es] identified with an adverse party." Fed. R. Evid. 611(c).

For these reasons, Ms. Pigott requests that the Court order Defendants not to use leading questions when cross-examining its own agents and employees who are called to testify by Ms. Pigott, including Messrs. Griffith, McElroy, and Rupley, as such "cross" examination would be "in form only." Additionally, Ms. Pigott requests that the Court permit her to lead Defendants' agents and employees, including these three witnesses, who are "hostile" to her position and are an "adverse party" to her when she calls them to testify.

Respectfully submitted,

s/Douglas B. Janney III
Douglas B. Janney III (BPR No. 19112)
2002 Richard Jones Road
Suite B-200
Nashville, Tennessee 37215
(615) 742-5900

Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I certify that I electronically filed and served this Motion in Limine using the Court's CM/ECF system upon Rowan Leathers and Sara Anne T. Quinn, Miller & Martin PLLC, 1200 One Nashville Place, 150 Fourth Avenue, North, Nashville, Tennessee 37219 on March 22, 2013.

s/Douglas B. Janney III
Douglas B. Janney III