UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMY C. PIGOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 3:11-cv-0764 |
| v. | ) |
| | ) Judge Marvin E. Aspen |
| BATTLE GROUND ACADEMY and | ) |
| JOHN W. GRIFFITH, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, United States District Judge:

In this case, Plaintiff Amy C. Pigott ("Plaintiff") brought claims against Defendants Battle Ground Academy ("Battle Ground") and John W. Griffith ("Griffith") (collectively, "Defendants") under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 629 *et seq.*, and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. §§ 4-21-101 *et seq.*, alleging discrimination and retaliatory discharge. Presently before us are the parties' motions in limine. For the following reasons, we deny Plaintiff's first motion in limine (Dkt. No. 52) and grant the second (Dkt. No. 53). We deny both of Defendants' motions in limine (Dkt. Nos. 49–50).

## STANDARD OF REVIEW

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176–77 (S.D.N.Y. 2008) (citing *Luce v. Unites States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 463 (1984)). "The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure

and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures—including motions *in limine*—in order to narrow the issues remaining for trial and to minimize disruptions at trial." *U.S. v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999); *see U.S. v. Huff*, No. 10 CR 73, 2011 WL 4916195, at *1 (E.D. Tenn. Oct. 27, 2011). Because a ruling on a motion in limine is "subject to change as the case unfolds," this ruling constitutes a preliminary determination in preparation for trial. *See Luce*, 469 U.S. at 41, 105 S. Ct. at 163; *U.S. v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). A district court's rulings on in limine motions will be reversed only where the court abuses its discretion, that is, "when it relies on clearly erroneous findings of fact, when it improperly applies the law, or when it employs an erroneous legal standard." *U.S. v. Gunter*, 551 F.3d 472, 483 (6th Cir. 2009); *U.S. v. Cline*, 362 F.3d 343, 348–49 (6th Cir. 2004).

## ANALYSIS

I.  PLAINTIFF'S MOTIONS

   A.  **Leading Questions**

Plaintiff's first motion asks us to issue an order allowing her to use leading questions in her direct examination of three hostile witnesses associated with Defendants, while preventing Defendants from using leading questions in their cross-examinations of the same witnesses. (Dkt. No. 52 at 1.) As for the first part of her request, it is uncontroversial that a party may use leading questions during direct examination of a hostile witness. Fed. R. Evid. 611(c)(2). This is not an issue that needs to be addressed in a motion in limine—when Plaintiff actually calls the witnesses at trial, she may explain that they are hostile and ask our permission at that time to use leading questions. Absent any unusual circumstances, we will permit her to do so.

As for the second part of her request, the Advisory Committee note to Rule 611(c) addresses this specific situation. Fed. R. Evid. 611(c). It explains that the rule provides "a basis for denying the use of leading questions when the cross-examination is cross-examination in form only and not in fact, as for example the 'cross-examination' of a party by his own counsel after being called by the opponent (savoring more of a redirect) . . ." *Id.*; *see also Morvant v. Constr. Aggregates Corp.*, 570 F.2d 626, 635 (6th Cir. 1978) ("If the witness is friendly to the examiner, there is the same danger of suggestiveness as on direct; and consequently the court may, in its discretion, forbid the use of leading questions.").

The language of the rule is not mandatory—whether to allow leading questions under these circumstances is entirely within our discretion. *Woods v. Lecureux*, 110 F.3d 1215, 1221 (6th Cir. 1997) ("[A] district court's decision to allow leading questions when a party is cross-examining his own witness is a matter within the court's traditional discretion to control the mode of interrogation.") (internal quotations omitted); *Morvant*, 570 F.2d at 635. We will be in a better position to determine how to exercise our discretion during the course of testimony, so we deny Plaintiff's motion at this time. Our presumption at trial, however, will be to allow leading questions during Defendants' cross-examination of these witnesses for very limited purposes only, such as undisputed preliminary matters. Defendants should expect to conduct the substantial part of these witnesses' testimony without leading questions.

### B. Collateral Source Benefits and Payments

Plaintiff's second motion asks us to exclude "any evidence of any payments made to or received by [Plaintiff] for unemployment compensation or any other collateral source benefit or payment that she has received or may receive at any time." (Dkt. No. 53.) In the Sixth Circuit,

-3-

"the collateral source rule is a substantive rule of law that bars a tortfeasor from reducing damages owed to a plaintiff by the amount of recovery the plaintiff receives from sources that are collateral to the tortfeasor." *Hamlin v. Charter Twp. of Flint*, 165 F.3d 426, 433 (6th Cir. 1999); *Jackson v. City of Cookeville,* 31 F.3d 1354, 1359 (6th Cir.1994). Defendant has not opposed the motion, and we see no reason to deviate from the general rule. Accordingly, we grant Plaintiff's second motion in limine.

## II. DEFENDANTS' MOTIONS

Defendants ask us to exclude two subjects from evidence on relevancy grounds: the death of Plaintiff's husband (Dkt. No. 49) and Plaintiff's job performance (Dkt. No. 50).

### A. Death of Plaintiff's Husband

We will not preclude testimony on the death of Plaintiff's husband for two reasons. First, Plaintiff is suing both for monetary and emotional damages related to her job loss. (Pl.'s Resp., Dkt. No. 54 at 2.) Although Defendant is certainly not liable for any financial hardship or emotional distress caused by the death of Plaintiff's husband, the circumstances are so closely intertwined that we do not see how it would be possible for Plaintiff to testify about the damages caused by her job loss without at least mentioning the death of her husband. In our view, the risk of unfair prejudice to Defendants is not so substantial as to justify precluding the subject of her husband's death altogether. Second, Defendants themselves raised the issue in Plaintiff's deposition, when they asked questions about her husband's income and the emotional support he provided her. (*Id.*) If Defendants considered the presence of his income and emotional support to be relevant, then its subsequent absence is surely relevant as well. For these reasons, we deny Defendants' first motion in limine.

As with any motion in limine, however, this is a preliminary assessment subject to change during the course of trial. If, during the course of Plaintiff's testimony, it appears that evidence of her husband's death is likely to confuse the jury with respect to damages or unfairly prejudice Defendants, then we will reconsider the objection at that time.

### B. Plaintiff's Job Performance

Evidence of Plaintiff's job performance is relevant to the issue of Defendants' justification for terminating Plaintiff's employment. One of the dispositive issues in this case is whether Defendants' insistence that Plaintiff obtain a master's degree was pretextual. Mem. Op. at 16–21, Nov. 15, 2012 (Dkt. No. 29) (denying Defendants' motion for summary judgment). Plaintiff asserts that Griffith made repeated statements during the relevant time period that Plaintiff was a "marginal teacher" who needed to "improve her job performance," and that was his reason for requiring her to pursue additional education. (Dkt. No. 54 at 1–2.) Plaintiff apparently intends to show that this reason was pretextual by offering evidence of her satisfactory job performance. Defendants claim that Plaintiff's termination was unrelated to her job performance and based solely on her failure to obtain a master's degree. (Dkt. No. 51 at 2.) As shown in Judge Sharp's review of the record in his summary judgement opinion, however, Defendants' justification for dismissing Plaintiff changed over time. (Dkt. No. 29 at 17–19.) Accordingly, Defendants' reasons for requiring Plaintiff to obtain a master's degree and for firing her remain a disputed question for the jury to resolve. Under these circumstances, we will not hold as a matter of law that evidence of Plaintiff's job performance is irrelevant. Therefore, we deny Defendants' second motion in limine. We do encourage the parties, however, to consider the possibility of stipulating to the fact the Plaintiff's job performance was satisfactory, for the

-5-

Case 3:11-cv-00764  Document 68  Filed 04/25/13  Page 5 of 6 PageID #: 1850

purpose of streamlining the trial.

## CONCLUSION

For the reasons explained, we deny Plaintiff's first motion in limine (Dkt. No. 52) and grant the second (Dkt. No. 53). We deny both of Defendants' motions in limine (Dkt. Nos. 49–50).

SO ORDERED:

_____
Marvin E. Aspen
United States District Judge

Dated:   Chicago, Illinois
         April 25, 2013